**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000359
28-JUN-2013
08:06 AM**

NO. CAAP-12-0000359

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SHANE FLORES, Defendant-Appellant, and
FLOYD ORSBORN and ROBERT LOGSDON, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0591)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginzoa, JJ.)

Defendant-Appellant Shane Flores (Flores) timely appeals from the judgment of conviction and sentence, which was entered on March 30, 2012 in the Circuit Court of the First Circuit (Circuit Court),[1] for Kidnapping in violation of Hawaii Revised Statutes (HRS) § 707-720(1)(e) (Supp. 2012); Ownership or Possession Prohibited of Any Firearm or Ammunition by a Person Convicted of Certain Crimes in violation of HRS § 134-7(b) & (h) (2011) (Felon in Possession); Carrying or Possessing a Loaded Firearm on a Public Highway in violation of HRS § 134-26 (2011); and Possession of a Prohibited Detachable Ammunition Magazine in violation of HRS § 134-8(c) & (d) (2011).

Flores argues that the Circuit Court erred by: (1) denying his motion to dismiss Count 13 based on the failure of the indictment to charge the requisite mens rea; (2) denying his

---

[1] The Honorable Karen S.S. Ahn presided.

motion to dismiss Count 15 based on the failure of the indictment to charge the requisite mens rea; (3) denying his motion to dismiss Count 16 based on the failure of the indictment to charge the requisite mens rea; and (4) refusing to instruct the jury on unlawful imprisonment in the first degree as a lesser included offense to the kidnapping charge in violation of Flores's constitutional rights to effective assistance of counsel and to present a defense.

Plaintiff-Appellee State of Hawai'i (the State) concedes that the charges for Count 13, Count 15, and Count 16 were defective because they failed to allege the requisite mens rea and, thus, the counts should be dismissed without prejudice. The State counters that the Circuit Court did not err by refusing to instruct the jury on a lesser included offense because the evidence did not support such an instruction and, regardless, it was a harmless error given the conviction for the greater charged offense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Flores's points of error as follows:

(1) An indictment must contain the elements of the offense intended to be charged and sufficiently apprise the defendant of what he or she must be prepared to meet. State v. Wells, 78 Hawai'i 373, 379-80, 894 P.2d 70, 76-77 (1995). In State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012), the Hawai'i Supreme Court explained that, although the state of mind requirement was not an element of the charged offense, it was a necessary component of a sufficient charge. 127 Hawai'i at 56, 276 P.3d at 625. The Hawai'i Supreme Court explained that the state of mind requirement was necessary "to alert the defendants of precisely what they needed to defend against to avoid a conviction." Id. In this case, Count 13 charged Flores with Felon in Possession in violation of HRS § 134-7(b) & (h). The

2

statute does not identify a particular state of mind in either subsection (b) or (h). "When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly." HRS § 702-204 (1993). Therefore, Flores must have acted intentionally, knowingly, or recklessly with regard to the alleged violation of HRS § 134-7(b) & (h) that was charged in Count 13. See State v. Holbron, 78 Hawai'i 422, 424-25, 895 P.2d 173, 175-76 (App. 1995) (holding that the requisite state of mind for conviction of possession of firearm or ammunition by a convicted person is possession of such contraband intentionally, knowingly, or recklessly); see also State v. Eastman, 81 Hawai'i 131, 140, 913 P.2d 57, 66 (1996) ("Absent statutory language expressly imposing absolute liability, the states of mind denominated in HRS § 702-204 will generally apply, because we will not lightly discern a legislative purpose to impose absolute liability."). The indictment was silent as to the requisite mens rea, the indictment did not provide Flores with sufficient notice of what he had to meet to defeat the criminal charge and, thus, the Circuit Court erred by denying Flores's motion to dismiss Count 13. See Nesmith, 127 Hawai'i at 56, 276 P.3d at 625; State v. Gonzalez, 128 Hawai'i 314, 324, 288 P.3d 788, 798 (2012). The appropriate remedy for the indictment's failure to allege the required mens rea is to dismiss the charge without prejudice. See Gonzalez, 128 Hawai'i at 324, 288 P.3d at 798.

(2) Count 15 charged Flores with carrying or possessing a loaded firearm on a public highway in violation of HRS § 134-26, which does not identify a particular state of mind and is not a strict liability offense. Therefore, the indictment was required to allege that Flores acted intentionally, knowingly, or recklessly with regard to the alleged violation of HRS § 134-26 that was charged in Count 15. HRS § 702-204. As the indictment was silent as to the requisite mens rea, the indictment did not provide Flores with sufficient notice of what

3

he had to meet to defeat the criminal charge and, thus, the Circuit Court erred by denying Flores's motion to dismiss Count 15. See Nesmith, 127 Hawai'i at 56, 276 P.3d at 625; Gonzalez, 128 Hawai'i at 324, 288 P.3d at 798.

(3)     Count 16 charged Flores with possession of a prohibited detachable ammunition magazine in violation of HRS § 134-8(c) & (d), which do not identify a particular state of mind and are not strict liability offenses.  Therefore, the indictment was required to allege that Flores acted intentionally, knowingly, or recklessly with regard to the alleged violation of HRS § 134-8(c) & (d) that was charged in Count 16.  HRS § 702-204.  As the indictment was silent as to the requisite mens rea, the indictment did not provide Flores with sufficient notice of what he had to meet to defeat the criminal charge and, thus, the Circuit Court erred by denying Flores's motion to dismiss Count 16.[2]  See Nesmith, 127 Hawai'i at 56, 276 P.3d at 625; Gonzalez, 128 Hawai'i at 324, 288 P.3d at 798.

(4)     The Circuit Court declined to instruct the jury on unlawful imprisonment in the first degree in violation of HRS § 707-721 as a lesser included offense to the kidnapping charge. Assuming arguendo that there was evidence supporting a jury instruction on unlawful imprisonment in the first degree, the Circuit Court's refusal to give such an instruction was harmless error because the jury convicted Flores of the greater charged offense and, thus, would not have reached the absent lesser offense.  State v. Haanio, 94 Hawai'i 405, 415-16, 16 P.3d 246, 256-57 (2001); State v. Pauline, 100 Hawai'i 356, 381, 60 P.3d 306, 331 (2002).

Therefore,

IT IS HEREBY ORDERED that (1) Flores's convictions as to Count 13, Count 15, and Count 16 are vacated and the case is

_____

[2]     While the holding in State v. McDowell, 66 Haw. 650, 672 P.2d 554 (1983), is inconsistent with this conclusion, in Nesmith, the Hawai'i Supreme Court stated that the distinction between general intent and specific crimes, upon which McDowell turned, had been abrogated.  Nesmith, 127 Hawai'i at 56-57; 276 P.3d at 625-26.

4

remanded to the Circuit Court with instructions to dismiss these charges without prejudice and (2) the March 30, 2012 judgment and conviction as to the kidnapping charge (Count 4) is affirmed.

DATED: Honolulu, Hawai'i, June 28, 2013.

On the briefs:

Jeffrey A. Hawk
(Hawk Sing & Ignacio)
for Defendant-Appellant.

Presiding Judge

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge